UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| NUTRIEN AG SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-93 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the Motion [Doc. 18] of Orion Solutions, LLC ("Orion") to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2) and (b)(1)(B) and a proposed motion for partial dismissal [Doc. 18-1]. Plaintiff Nutrien AG Solutions, Inc. ("Nutrien") filed a Response [Doc. 24] in opposition to the motion, to which Orion filed a Reply [Doc. 31]. Nutrien then filed a sur-reply [Doc. 40] after being granted leave of the court to do so. Thereafter, Orion filed a Notice [Doc. 41] advising the Court of a ruling from the United States District Court for the Middle District of Pennsylvania granting a motion to intervene that Orion filed in that district, and Nutrien filed a Supplemental Brief [Doc. 44] pursuant to Eastern District of Tennessee Local Rule 7.1(d) in which it advised the Court of a ruling from the United States District Court for the District of Minnesota denying Orion's request to intervene in the action pending in that forum..

In its filings, Orion argues that it should be permitted to intervene as of right or, alternatively, that permissive intervention is warranted. More specifically, Orion asserts that it

has a direct and substantial interest in the subject of this litigation and without intervention Orion will be unable to protects its business interests, which the company asserts are not adequately represented by Defendant Anderson.

In response, Nutrien argues that Orion is not entitled to intervene as of right because it has failed to establish any protectable interest in this matter and intervention is not necessary for Orion to protect its interests as it can do so by defending itself in a separate action brought by Nutrien in the Western District of Virginia. Nutrien further argues that permissive intervention is inappropriate because Orion's motion rests on conclusory speculation and will unfairly delay and expand this litigation. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court and is now ripe for disposition. For the reasons stated herein, Orion's Motion [Doc. 18] is **GRANTED**.

I.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 24(a)(2) provides that a non-party may intervene as of right if, on timely motion, the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Additionally, "permissive" intervention is appropriate if the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Essentially, "Rule 24 allows an absentee party to petition for intervention when it 'stands to have its interests harmed.'" *Invesco Institutional (N.A.), Inc. v. Paas*, No. 3:07-CV-0175-R, 2008 WL 4858210, at *3 (W.D. Ky. Nov. 7, 2008) (quoting *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 670 n. 13 (6th Cir. 2004)). The Sixth Circuit has held that "Rule 24 should be 'broadly construed in favor of potential intervenors.'" *Coalition to*

*Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).

There are four factors that must be satisfied to entitle a movant to intervene as of right: 1) the motion to intervene must be timely; 2) the movant must have a substantial legal interest in the subject matter of the case; 3) the movant's ability to protect its interests may be impaired absent intervention; and 4) the parties already before the court cannot protect the movant's interests. *Grainger v. Ottawa Cnty., Mich.*, 90 F.4th 507, 513 (6th Cir. 2024) (citing *Granholm*, 501 F.3d at 779). Failure to establish any of these factors will result in the denial of the motion to intervene. *United States v. Mich.*, 424 F.3d 438, 443 (6th Cir. 2005).

## II. ANALYSIS

As a preliminary matter, the Court notes that a motion to intervene must be timely regardless of whether intervention as of right or permissive intervention is sought. Fed. R. Civ. P. 24. Timeliness of the motion "should be evaluated in the context of all relevant circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). The Sixth Circuit has held the following five factors should be considered when determining timeliness:

> (1) The point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall*, 226 F.3d at 473 (quoting *Jansen*, 904 F.2d at 340).

Here, the Complaint [Doc. 1] was filed on May 31, 2024, and Orion's motion to intervene [Doc. 18] was filed on July 10, 2024, just over a month after the action was initiated. As Orion pointed out, its motion to intervene was filed while the case was in its infancy, i.e., before it had progressed beyond the pleading stage and prior to any discovery being conducted. [Doc. 19, p. 6]. Nutrien has not disputed the timeliness of Orion's motion. *See* [Doc. 24]. Because Orion's motion was filed promptly and during the early stages of litigation, and given Nutrien's lack of arguments to the contrary, the Court finds that Orion's request to intervene was made timely.

    A. **Intervention as of Right**

        i. **Substantial Interest**

Having determined that Orion's motion was timely filed, satisfying the procedural prong of the four-prong test for addressing intervention as of right, the Court now turns to the remaining three substantive prongs of the test. The first of those is whether Orion has demonstrated a substantial legal interest in the case. While the Sixth Circuit has "opted for a rather expansive notion of the interest sufficient to invoke intervention as of right, [it has] also acknowledged that this does not mean that any articulated interest will do." *Grainger*, 90 F.4th at 513 (quoting *Granholm*, 501 F.3d at 780) (internal quotations omitted). A specific legal or equitable interest is not a requirement for having a substantial interest in the litigation. Rather, "[t]o rise to the level of substantial interest…the interest must be significantly protectable." *Grainger*, 90 F.4th at 514. In instances where the existence of a substantial interest is a close call, "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Blount-Hill v. Bd. of Educ. of Ohio*, 195 F. App'x 482, 485 (6th Cir. 2006) (quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997)).

Orion argues that it has a substantial interest in this litigation because Nutrien's complaint implicates Orion along with Defendant Anderson. In support, Orion notes that Nutrien identifies Orion in several of its allegations, amounting to 35 references to Orion in the 70-paragraph complaint. [Doc. 19, p. 7]. Additionally, Orion argues that the outcome of this litigation will directly affect its business operations because the requested relief would result in Defendant Anderson being prohibited from working for Orion. Orion alleges that it would be significant for Anderson to be prohibited from working for the company because it recently invested $15,000,000.00 in a geographic and market share expansion project based in part on expanding it employee base by forty-one employees, twelve of whom were formerly employed by Nutrien. [Doc. 31, p. 3; Doc. 31-3, p. 2]. Further, Orion asserts that courts within the Sixth Circuit have found that "a business whose employee has been sued by a competitor (who previously hired the employee) has an interest warranting intervention." [Doc. 31, p. 2] (citing *Invesco Institutional (N.A.), Inc. v. Paas*, No. 3:07-CV-0175-R, 2008 WL 4858210 (W.D. Ky. Nov. 7, 2008)).

In response, Nutrien argues that Orion's alleged direct interest in this case is based upon speculation and that Orion has offered no proof that an injunction preventing Anderson from working for Orion would present any significant challenge to its business model. [Doc. 24, p. 1-2]. Nutrien also disputes Orion's assertion that a business whose employee has been sued by a direct competitor, who is also that employee's former employer, has an interest warranting intervention. [Doc. 40].

In considering these competing arguments, the Court finds the *Invesco* case to be instructive. In *Invesco*, the company sued it former employees alleging that they participated in a "secret scheme" with one of Invesco's direct competitors, Deutsche Bank Advisors ("DB"), to "effect a surprise mass defection" of Invesco's employees to DB. *Invesco*, 2008 WL 4858210, at

*1. Invesco further alleged that those employees were privy to confidential and trade secret information, proprietary software applications, customer lists and preferences, and business strategies and plans, among other things, and that they disclosed this information to DB, enabling DB to directly compete with Invesco. *Id.* at * 1-2. Invesco then amended its complaint to allege that DB had begun using one of Invesco's proprietary software applications and later filed a motion requesting a preliminary injunction enjoining some of its former employees now working for DB from, among other things, further use or development of that software application. *Id.* at *2-3. DB then filed a motion to intervene. *Id.* at *3. The *Invesco* court found intervention to be appropriate, specifically finding that DB had established a substantial interest in the case because the software at issue in the preliminary injunction motion was in use and development at DB, Invesco's unique processes may be being implemented by DB, the injunction could affect the job duties of the DB employees at issue, and that Invesco's allegations related to actions taken by DB.. *Id.* at *6-7.

In its surreply, Nutrien argues that *Invesco* is distinguishable from the case at hand, asserting that the *Invesco* court only found that DB had a substantial interest in the litigation because Invesco sought an injunction that would prevent DB from using certain software programs. [Doc. 40, p. 2]. Nutrien further alleges that the *Invesco* court found that an injunction like the one sought here which would merely have prevented Invesco's former employees from working at DB and from continuing to use or disclose confidential information would not be sufficient to support intervention. *Id.* This Court disagrees. While in making its ruling, the *Invesco* court noted Invesco had requested that DB be prohibited from using and developing specific software programs, it did not state that this was the ground on which the court was permitting DB to intervene. *Invesco*, 2008 WL 4858210, at *5. Instead, the issue of Invesco's request that DB

be enjoined from using certain software programs was discussed by the court as part of its analysis of whether DB's motion was timely filed rather than in the portion of the opinion addressing whether DB had a substantial interest in the litigation. *Id.* Moreover, the *Invesco* court suggested that intervention before the complaint was amended to reference the specific software applications may have been appropriate. *See id.* (noting that "DB could have reasonably suspected that the matter necessitated its intervention earlier…").

Like *Invesco*, the allegations here imply that Nutrien's business plans and strategies, including custom herbicide mixes and proprietary mixing techniques may be being implemented by Orion. *See* [Doc. 1, ¶¶ 16, 27-31]. Specifically, Nutrien alleges that Anderson copied "Nutrien's Confidential Information and other proprietary information concerning every aspect of Nutrien's vegetation management business," and that Anderson is using the confidential information he took from Nutrien in the course of his work at Orion. [Doc. 1, ¶¶ 27-31]. If true, the relief sought would necessarily affect Anderson's job duties at Orion, and the *Invesco* court specifically held that the potential for required changes in the duties of DB's employees as a result of the litigation was a factor in demonstrating that DB had a substantial interest in the litigation. Further, the allegations in the Complaint relate directly to actions allegedly taken by Orion. *Id.* at ¶¶ 4-7, 24-25. Accordingly, the Court finds that Orion has satisfactorily demonstrated a substantial legal interest in this litigation.

### ii. Impairment

The Court must next address whether Orion's ability to protect its interest would be impaired in the absence of intervention. This requires only that Orion show that "impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). Only a showing that

"disposition of the present action would put the movant at a practical disadvantage in protecting its interest" is required. *Grainger*, 90 F.4th at 516 (quoting *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Michigan*, 41 F.4th 767, 774 (6th Cir. 2022). Orion alleges that it is in the best position to speak to its internal processes and business plans. Specifically, although Anderson is an employee of Orion, Orion's CEO, Kevin Adam, has asserted that Orion's employees do not know the full history and details of Orion's business plans. [Doc. 31-3, ¶ 17]. Additionally, Orion argues that it should be afforded an opportunity to address Nutrien's allegations that Anderson's alleged actions were committed with the assistance of Orion and that Orion directly benefitted from them. [Doc. 19, p. 8]. Additionally, Orion claims that it will not be able to manage its discovery costs and prevent redundant discovery efforts absent intervention. Nutrien argues that Orion can adequately protect its interests through the action pending in the Western District of Virginia, where Nutrien has sued Orion directly, and can mitigate any potential damage to its business reputation or relationships through non-litigation means, such as preparing to replace any of Nutrien's former employees who might be prohibited through litigation from working for Orion. [Doc. 24, p. 4-5].

The Sixth Circuit, in some instances, has found that a proposed intervenor's ability to protect its interests is not impaired absent intervention when it is able to litigate claims in another suit. *Grainger*, 90 F.4th at 516; *Liberte Capital Grp., LLC v. Capwill*, 126 F. App'x 214, 219-20 (6th Cir. 2005). At the same time, where the case may result in the proposed intervenor being bound by a decision with no opportunity for appeal, intervention is appropriate. *See Liberte*, 126 F. App'x at 220. Here, Orion's ability to protect its interests in a separate case, pending in a different judicial district, and containing similar allegations where Nutrien has directly sued the company, does not negate the fact that an inability to defend against allegations in this action

may still result in impairment of Orion's substantial legal interest because the remedies sought are different. This case seeks an injunction preventing Anderson from working for Orion. While the case in the Western District of Virginia seeks injunctive relief that prevents Orion from using Nutrien's trade secrets and confidential information, it does not seek to enjoin Anderson from employment with Orion. *See Nutrien Ag Solutions, Inc. v. Orion Solutions, LLC, et al.*, No. 7:24-cv-00354 (W.D. Va. 2024) at [Doc. 1]. An injunction preventing Anderson from employment with Orion may result in revenue losses due to delayed geographic expansion. [Doc. 31-3, ¶ 9]. Additionally, even if the Western District of Virginia were to enter a judgment fully favorable to Orion, the district court could enter an order in this action which was fully favorable to Nutrien. If Orion is not permitted to intervene, it would be bound by the decision of the district court here as to Anderson with no opportunity for appeal. The Court finds this is sufficient to meet the minimal burden required for satisfaction of this factor.

### iii. Inadequate Representation

Finally, the Court must consider whether the party already before the court can adequately protect Orion's interest. *Granholm*, 501 F.3d at 779. "Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). This is also a minimal burden because only the potential for inadequate representation must be established. *Id.* At the same time, proposed intervenors must overcome a presumption of adequate representation "when they share the same ultimate objective as a party to the suit." *Id.* at 443-44.

It is undeniable the Orion and Anderson share the same ultimate objective in this case, which is for Anderson to continuing working for Orion with no limitations as to that employment. Still, Orion argues that Anderson is unable to adequately represent its interests

because Orion will offer arguments from a different perspective than that of Anderson and asserts that Anderson may choose to focus solely on defending his own interests and alleged actions without mounting a robust defense of Orion's alleged actions. [Doc. 19, p. 10]. Further, Orion asserts that it has an interest in protecting its business reputation and operational integrity that Anderson does not necessarily share. *Id.* Orion also points out that Anderson and Orion have separate legal counsel. *Id.*[1]

In response, Nutrien argues that Orion's representation is not in jeopardy in this case because Nutrien has made not claims against Orion and reasserts its argument that Orion can defend its interests in the Western District of Virginia. [Doc. 24, p. 7]. Nutrien also argues that Orion's argument essentially relies only upon speculation and mere possibilities without identifying any specific legal arguments or positions that differ from those Anderson is likely to make in his own interest. *Id.* Nutrien also dismisses Orion's contention that Anderson may not have the capacity or willingness to vigorously defend Orion because Anderson's own reputation is at issue as well as a potential money judgment against him. *Id.*

In making these arguments, Nutrien heavily relies upon *United States v. Michigan*, 424 F.3d 438 (6th Cir. 2005). There, the Sixth Circuit found that proposed intervenors had failed to demonstrate that their interests were not adequately represented by the parties already before the court because they did not identify specific legal arguments that they would make that the existing parties would not. *Id.* at 444. It is true the Orion also has not identified any specific

---

[1] Nurtrien has asserted that Anderson and Orion are represented by the same counsel in this matter, or, at the very least, that Orion is paying for Anderson's legal representation. Nutrien's assertion that Orion and Anderson are represented by the same counsel is based on a May 8, 2024, email from attorney Robert Sumner to Nutrien's counsel stating that he represented Orion and 13 new employees as of the date of the email. The email did not specifically name Anderson as one of the employees represented by Sumner and predates Orion's assertion that Anderson has engaged outside counsel. *See* [Doc. 19, p. 10] (filed on July 10, 2024). Additionally, even if Orion was paying Anderson's legal fees, the duty of Anderson's attorney would be to Anderson, not Orion, meaning that Anderson's counsel would be required to take instruction from Anderson regarding case-related decisions.

legal arguments it would make that Anderson likely will not. However, that is not the only reason the *Michigan* court found the proposed intervenors had not met their burden. Another significant factor supporting the *Michigan* court's decision was that the proposed intervenor's failed to identify any weaknesses in the representation of issues that were currently before the court and instead focused on issues that may be before the court at a later stage of the proceedings. *Id.* Such is not the case here. Orion's argument focuses on issues that are before the Court now, namely Orion's current business practices.

While Anderson and Orion's interests in this case align in many ways, Orion has demonstrated that it has broader interests than that of Anderson himself. While Anderson may be concerned with preserving his employment with Orion and avoiding a money judgment being entered against him, he does not necessarily have a significant interest in defending Orion's business reputation or operational integrity. In fact, at some point in the litigation, Anderson might find that it would benefit his personal position to lay blame at the feet of Orion. Despite Nutrien's assertions that it has made no claims against Orion in this case, the face of the Complaint makes clear that Orion's conduct is at much at issue here as that of Anderson. As set forth above, Orion is referenced 35 times in Nutrien's Complaint. Additionally, the Cout cannot overlook the fact that Anderson may seek to avoid some liability in this action by laying blame at the feet of Orion, which would, in turn, not provide for an adequate representation of Orion's interests. For these reasons, the Court finds that Orion has satisfied its burden of overcoming the presumption of adequate representation and has likewise made a minimum showing that the representation of its interests may be inadequate if it is not permitted to intervene.

Based upon the foregoing, the Court finds that intervention as of right is appropriate because Orion's motion is timely, and because the company has shown it has a substantial legal

interest in the case, has demonstrated that impairment of its interest is possible if it is not permitted to intervene, and has likewise demonstrated how Anderson's representation of the company's interests may be inadequate.[2]

### B. Permissive Intervention

Even if intervention as of right was not warranted in this matter, the court could still permit intervention if the proposed intervenor "has a claim or defense that shares the with main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "A district court operates within a 'zone of discretion' when deciding whether to allow intervention under Rule 24(b)." *Buck v. Gordon*, 959 F.3d 219, 224 (6th Cir. 2020) (cleaned up). Still, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, the allegations in the Complaint relate directly to actions allegedly taken by Orion. Moreover, the allegations against Anderson relate directly to his alleged actions in the course and scope of his employment with Orion. Nutrien argues that Orion's actions have nothing to do with whether Anderson took or shared Nutrien's trade secrets and do not depend upon Orion using

---

[2] In *Nutrien AG Solutions, Inc. v. Sutherland,* 0:24-cv-2485-PJS-LIB (D. Minn. 2024), the Court denied Orion's request to intervene finding that its employee would adequately represent the company's interests. In denying Orion's motion, the court found that Orion's employee did have the same interest in protecting Orion's reputation as would the company and noted that no specific relief is sought against Orion in the lawsuit. *See* [Doc. 44], Ex. A. The Minnesota court further found that the complaint itself address only the actions of Orion's employee and not those of the company itself. *Id.* Additionally, the court observed that Orion was paying the cost of the employee's legal representation. The Court does not find the Minnesota court's analysis persuasive here. While the Minnesota court stated in its opinion that the allegations contained in the complaint in that action were made as to the employee only, that is not the case in the instant action. For instance, in one of its many references to Orion in its complaint in this action, Nutrien alleges that "Anderson shared proprietary information with Orion concerning Nutrien's vegetation management business to help Orion poach a significant portion of Nutrien's entire vegetation management sales team, and Anderson and eleven other Nutrien employees all quit Nutrien on the same day, April 26, 2024, to join Orion." [Doc. 1, p. 2]. Further, while the Minnesota court relied in part on the fact that Orion was paying for its employee's legal services and certainly this Court acknowledges that this fact might provide Orion more influence over the employee than it would have otherwise, ultimately, it the party who is represented that makes the decisions about the actions that their attorney will take as opposed to the party paying for those services, when the two are not the same.

these trade secrets. However, the Complaint clearly alleges a "scheme" between Anderson and Orion, and Orion should be permitted to defend itself against these allegations.[3] Moreover, while Anderson could admit to sharing proprietary information with Orion, one party's admission does not necessarily establish a truth, and Orion should be permitted to defend its own internal processes and business strategies given the ripple effect that could potentially have in other litigation. For instance, while other courts would not be bound by factual findings made by the courts in this judicial district, the parties will clearly attempt to use any rulings made as persuasive in the other actions pending, just as they have attempted to use rulings from litigation involving these parties pending in other jurisdictions as persuasive in this action.

Nutrien also argues that Orion's intervention would unduly delay the case by injecting new issues. [Doc. 24, p. 9]. However, given that allegations against Orion have already been made, it is unclear what new issues would arise from Orion's intervention. Nutrien also argues that Orion's intervention will result in duplicative filings. However, while the arguments and defenses made by Anderson and Orion may differ and their filings may set forth differing legal theories and arguments, that does not make the filings duplicative.[4] Finally, Nutrien argues that intervention is inappropriate because it has already brought litigation against Orion in the Western District of Virginia. Still, it is entirely possible that Nutrien may use different arguments and strategies in the two cases and Orion should be able to defends itself against any allegations brought against it, regardless of the court in which they are brought. As such, the Court finds that

---

[3] A similar scheme was alleged in *Invesco*. *Invesco Institutional (N.A.), Inc. v. Paas*, No. 3:07-CV-0175-R, 2008 WL 4858210 (W.D. Ky. Nov. 7, 2008)).

[4] The Court acknowledges that Orion is likely assisting Anderson's defense in this matter. However, this does not mean that arguments made in defense of the allegations against Anderson would necessarily be the same as those made in defense of the allegations against Orion. While a "scheme" is alleged, Orion and Anderson played different roles and the defense of Anderson's alleged actions may not be the same as that of the actions allegedly taken by Orion.

even if intervention as of right was not warranted in this case, permissive intervention would be appropriate.[5]

### III. CONCLUSION

For the reasons stated above, the Court finds as follows: 1) that Orion's motion to intervene is timely; 2) that Orion has a substantial interest in the case; 3) that impairment of Orion's interest is possible if intervention is denied; 4) that Anderson does not adequately represent Orion's interests; 5) that Orion has defenses that share common questions of fact with the allegations against Anderson; and 6) that intervention will not result in undue prejudice or delay. Accordingly, Orion's Motion to Intervene [Doc. 18] is **GRANTED**. Orion is **DIRECTED** to file its proposed motion to dismiss within **seven (7) days** of entry of this Order.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[5] In *Nutrien Ag Solutions, Inc. v. Dunlap,* 1:24-cv-1069 (M.D. Penn. 2024), the court permitted Orion to permissively intervene under almost identical circumstances, holding that Orion's interests were directly implicated because Nutrien is seeking in that action to bar the defendant in the case from continuing to work for Orion. *See* [Doc. 41-1, p. 3]. The court noted that if Nutrien obtained the relief it sought, that relief would potentially impair Orion's ability to use certain information and impact the company's revenues. *Id.* The court further observed that Orion had hired a total of 12 of Nutrien's former employees and that the single employee defendant in the Pennsylvania case might not adequately defend "Orion's overarching recruitment efforts, business strategies, or reputation." *Id.*